UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON BUTLER,<br><br>             Plaintiff,<br><br>     v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>             Defendant. | Case No.  1:22-cv-00312-CDB<br><br>ORDER ON STIPULATION AWARDING PAYMENT OF ATTORNEY FEES AND EXPENSES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d) AND COSTS PURSUANT TO 28 U.S.C. § 1920<br><br>(Doc No. 20) |

     Pending before the Court is the parties' stipulated motion for an award and payment of attorney fees and expenses pursuant to the equal access to justice act and costs pursuant to 28 U.S.C. § 1920.  (Doc. 20).  The parties agree to an award of attorney's fees and costs to Plaintiff Shannon Butler's ("Plaintiff") attorney, Matthew F. Holmberg, in the amount of $1,935.00 pursuant to the Equal Access to Justice Act ("EAJA") 28 U.S.C. § 2412, and no costs under 28 U.S.C. § 1920.  *Id.*

     On November 8, 2022, the Court granted the parties' stipulated motion for a remand and remanded the case pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner for further administrative proceedings.  (Doc. 18).  Judgment was entered the same day.  (Doc. 19).  Plaintiff now requests an award of attorney fees and expenses as the prevailing party.  (Doc. 20);

*see Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993) (concluding that a party who wins a sentence-four remand order under 42 U.S.C. § 405(g) is a prevailing party). The Commissioner did not oppose the requested relief. (Doc. 20).

The EAJA provides for an award of attorney fees to private litigants who both prevail in civil actions (other than tort) against the United States and timely file a petition for fees. 28 U.S.C. § 2412(d)(1)(A). Under the EAJA, a court shall award attorney fees to the prevailing party unless it finds the government's position was "substantially justified or that special circumstances make such an award unjust." *Id*. Here, the government did not show its position was substantially justified and the Court finds there are not special circumstances that would make an award unjust. Moreover, the government does not oppose Plaintiff's stipulated request. *See Sanchez v. Berryhill*, No. 1:16-cv-01081-SKO, 2018 WL 509817, at *2 (E.D. Cal. Jan. 23, 2018) (finding position of the government was not substantially justified in view of the Commissioner's assent to remand); *Knyazhina v. Colvin*, No. 2:12–cv–2726 DAD, 2014 WL 5324302, at *1 (E.D. Cal. Oct. 17, 2014) (same).

Plaintiff's counsel requests an award of $1,935.00 in EAJA fees and attaches a retainer agreement. (Doc. 20). The Ninth Circuit maintains a list of the statutory maximum hourly rates authorized by the EAJA, adjusted for increases in the cost of living, on its website. *See Thangaraja v. Gonzales*, 428 F.3d 870, 876-77 (9th Cir. 2005). Even assuming Plaintiff's counsel seeks the published maximum rate of $234.95 for 2022,[1] the requested award would amount to approximately eight hours of attorney time (not accounting for any paralegal time expended). The Court finds this reasonable and commensurate with the number of hours an attorney would need to have spent reviewing the voluminous certified administrative record in this case (Doc. 13) and preparing the type of summary judgment motion Plaintiff's counsel prepared and filed (raising two disputed legal issues) (Doc. 14). With respect to the results obtained, Plaintiff's counsel obtained a favorable judgment remanding the case for further

---

[1] *Statutory Maximum Rates Under the Equal Access to Justice*, available at https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last visited January 20, 2023).

1  administrative proceedings.  (Doc. 19).

2     EAJA fees, expenses, and costs are subject to any offsets allowed under the Treasury Offset
3  Program ("TOP"), as discussed in *Astrue v. Ratliff*, 560 U.S. 586 (2010).  If the Commissioner
4  determines upon effectuation of this order that Plaintiff's EAJA fees are not subject to any offset
5  allowed under the TOP, the fees shall be delivered or otherwise transmitted to Plaintiff's counsel.

6     Accordingly, it is HEREBY ORDERED:

7  1. Plaintiff's stipulated request for the award and payment of attorney fees and expenses
8     pursuant to the EAJA (Doc. 20) is GRANTED; and

9  2. The Commissioner is directed to pay to Plaintiff as the prevailing party attorney fees in
10    the amount of $1,935.00.  Unless any offsets are applied under TOP, the government shall
11    make payment of the fees to Plaintiff's counsel Matthew F. Holmberg, in accordance with
12    Plaintiff's assignment of fees and subject to the terms of the stipulation.

13 IT IS SO ORDERED.

14 Dated:   **January 23, 2023**                  _____
15                                                UNITED STATES MAGISTRATE JUDGE

3